IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GILBERT SALINAS, | ) | |
| | ) | 2:05-cv-00951-GEB-GGH |
| Plaintiff, | ) | |
| | ) | SANCTION ORDER AND ORDER |
| v. | ) | RESCHEDULING STATUS (PRETRIAL |
| | ) | SCHEDULING) CONFERENCE |
| GABRIELA AGUIRRE; JOSE JESUS | ) | |
| RODRIGUEZ, and DOES 1 through 10, | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

SANCTION

On August 17, 2005, an Order to Show Cause ("August 17 OSC") issued requiring Plaintiff to show cause "no later than 4:00 p.m. on September 6, 2005, why sanctions should not be imposed under Rule 16(f) of the Federal Rules of Civil Procedure against counsel and/or Plaintiff for the failure to file a timely status report, as ordered." (August 17 OSC at 2.)  The August 17 OSC also stated "The written response shall state whether Plaintiff or [his] counsel is at fault and whether a hearing is requested on the OSC.  If a hearing is requested, it will be held on September 19, 2005, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date."

1

(<u>Id.</u>)  When no timely response to the August 17 OSC was received, another OSC was filed on September 8, 2005 ("September 8 OSC"), in which Plaintiff was ordered to show cause, "by filing a written statement, not later than 12:00 noon on September 12, 2005, why the Court should not dismiss this case for failure to prosecute."  (Sept. 8 OSC at 1.)

Plaintiff's counsel filed an untimely response to the August 17 OSC on September 13, 2005, in which Plaintiff's counsel stated "his failure to file a timely status report was due to simple inadvertence or excusable neglect . . . [and that n]o hearing on this is requested."[1]  (Resp. to Aug. 17 OSC at 2.)  Plaintiff's counsel's response to the August 17 OSC misapprehends the standard which governs when sanctions can be imposed for noncompliance with a Rule 16 filing requirement.  As the Ninth Circuit reveals in <u>Ayers v. City of Richmond</u>, 895 F.2d 1267, 1269-70 (9th Cir. 1990), counsel's negligent failure to be attentive to a scheduling date and filing deadline in a Rule 16 Scheduling order is sanctionable conduct under Rule 16(f). <u>Ayers</u> upheld the imposition of sanctions where counsel failed to appear for a settlement conference because the date "slipped by him." <u>Id.</u> at 1270; <u>see also</u> <u>Ikerd v. Lacy</u>, 852 F.2d 1256, 1258-59 (10th Cir. 1988) ("Neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions [under Rule 16 of the Federal Rules of Civil Procedure]."); <u>Martin Family Trust v. Neco-Nostalgia Enters. Co.</u>, 186 F.R.D. 601, 604 (E.D. Cal. 1999) (finding Plaintiff's failure to submit a status report because it was engaged in settlement negotiations to be sanctionable conduct).

_____

[1]    Plaintiff's counsel also filed an untimely response to the September 8 OSC.

Clearly, Plaintiff's counsel's conclusory assertions that "his failure to file a timely status report was due to simple inadvertence or excusable neglect" are woefully insufficient explanations to justify or excuse his failure to file a timely status report. These conclusory excuses appear to invite speculation about whether counsel has devised a calendaring system that possesses safeguards to avoid late filings.[2]

It is imperative for counsel "to focus some attention on the importance of [filing documents on time] and of devising a system which will avoid tardiness and complicating delays in the administration of the business of the Court." In re Allis, 531 F.2d 1391, 1393 (9th Cir. 1976). "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' . . . Disregard of the order would undermine the court's ability to control its docket . . . and reward the indolent and the cavalier." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).

> It is . . . no excuse for failing to comply with [a court's Rule 16 scheduling order] that attorneys labor under the pressure of deadlines. Time is a precious luxury which, if not carefully budgeted, can be a powerful foe. It is certainly understandable that attorneys frequently choose to delegate the physical preparation of [calendaring Rule 16 filing deadlines] to paralegals or other associates, leaving to them the task of reading and complying with the applicable [deadline]. But it should never be forgotten that the attorney of record is ultimately responsible for [complying with Rule 16 filing deadlines]. It is therefore

---

[2] It is noted that two lawyers are listed on counsel's OSC response, and it is assumed that each listed counsel, including other staff in the attorneys' office, could have filed the subject document on time or at least have timely sought a continuance of the filing requirement if sufficient reason existed for such a request.

the professional duty of the attorney of record to
ensure through proper supervision that [he or she
complies with the Rule 16 filing deadlines].

Dela Rosa v. Scottsdale Mem'l Health Sys., Inc., 136 F.3d 1241, 1244

(9th Cir. 1998).

Clearly judges should be expected to take action when Rule

16 filing deadlines are missed -- otherwise, a deadline ceases to be

meaningful and simply serves as a useless goal to be considered by

counsel when filing court documents.

[The] trial judge has an independent
responsibility to enforce the directives he has
laid down for the case. . . . "Rules are rules –
and the parties must play by them.  In the final
analysis, the judicial process depends heavily on
the judge's credibility.  To ensure such
credibility, a district judge must often be firm
in managing crowded dockets and demanding
adherence to announced deadlines.  If he or she
sets a reasonable due date, parties should not be
allowed casually to flout it or painlessly to
escape the foreseeable consequences of
noncompliance."

Legault v. Zambarano, 105 F.3d 24, 28-29 (1st Cir. 1997) (quoting

Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir.

1990)).

Since Plaintiff's counsel's response is insufficient to

avoid the imposition of sanctions, Mark D. Potter and/or Russell C.

Handy and/or Center for Disability Access, LLP, are sanctioned THREE

HUNDRED DOLLARS ($300.00) for their failure to timely comply with the

August 17 OSC.[3]  The sanctions shall be paid to the Clerk of the Court

of this District within fifteen (15) days from the date this Order is

filed.  Proof of payment must be sent to the undersigned Judge's

---

[3]    The total sanction is just $300.00, but counsel and/or
their law firm are jointly responsible for it.

4

1  chambers within five (5) days of payment.  The sanctions are personal

2  to each attorney, are to be borne by each attorney or the attorney's

3  law firm personally, and are not to be transmitted to either

4  attorney's client by way of a charge for attorney's fees and/or costs.

5                    RESCHEDULING STATUS CONFERENCE

6            Lastly, the Status (Pretrial Scheduling) Conference,

7  currently scheduled for hearing on September 19, 2005, is rescheduled

8  for hearing on December 12, 2005, at 9:00 a.m.  A joint status report

9  shall be filed no later than November 28, 2005.[4]   Plaintiff is

10 directed to serve a copy of this Order on each Defendant.

11

12     IT IS SO ORDERED.

13 Dated:  September 15, 2005

14

15                          /s/ Garland E. Burrell, Jr.
                            GARLAND E. BURRELL, JR.
16                          United States District Judge

17

18

19

20

21

22

23

24 _____

25        [4]    The failure of one or more of the parties to
   participate in the preparation of the joint status report does
26 not excuse the other parties from their obligation to timely file
   a status report in accordance with this Order.  In the event a
27 party fails to participate as ordered, the party timely
   submitting the status report shall include a declaration
28 explaining why it was unable to obtain the cooperation of the
   other party or parties.