1  CENTER FOR DISABILITY ACCESS, LLP
   MARK D. POTTER, ESQ., SBN 166317
2  RUSSELL C. HANDY, ESQ., SBN 195058
   3405 Kenyon Street, Suite 502
3  San Diego, CA 92110-5008
   (619) 226-9010
4  Fax (619) 226-9030

5  Attorneys for Plaintiff, GILBERT SALINAS,

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 | GILBERT SALINAS,                       ) Case No.: 05CV00951GEB GGH
   |                                        ) **Civil Rights**
12 |           Plaintiff,                   )
   |                                        ) **FIRST AMENDED COMPLAINT FOR**
13 | v.                                     ) **DAMAGES AND INJUNCTIVE**
   |                                        ) **RELIEF FOR VIOLATIONS OF:**
14 | GABRIELA AGUIRRE; JOSE JESUS           ) AMERICANS WITH DISABILITIES
15 | RODRIGUEZ; TAHOE PINE CONE             ) ACT OF 1990; UNRUH CIVIL RIGHTS
   | PLAZA, A CALIFORNIA LIMITED            ) ACT; NEGLIGENCE PER SE;
16 | PARTNERSHIP and DOES 1 through 10,     ) DECLARATORY RELIEF
17 | inclusive                              )
   |                                        ) **DEMAND FOR JURY**
18 |                                        )
19 |           Defendants.                  )
   |                                        )
20 |_____)

21

22     Plaintiff GILBERT SALINAS (hereinafter referred to as "Plaintiff") complains

23 of Defendants GABRIELA AGUIRRE; JOSE JESUS RODRIGUEZ; TAHOE PINE

24 CONE PLAZA, A CALIFORNIA LIMITED PARTNERSHIP, and DOES 1 through

25 10, inclusive, (hereinafter referred to collectively as "Defendants") and alleges as

26 follows:

27

28

                                      -1-

**INTRODUCTION:**

**1.** This is a Civil Rights action for discrimination against persons with physical disabilities, of which Plaintiff is a member of said class, for failure to remove architectural barriers structural in nature at Defendants' public facilities located at: 2494 Lake Tahoe Blvd., South Lake Tahoe, California (hereinafter referred to as the "Subject Facilities"). The Subject Facility is a place of public accommodation. Said failure to remove architectural barriers structural in nature at the Subject Facility thereby discriminatorily denied and denies Plaintiff and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.

**2.** Plaintiff seeks injunctive relief and damages for violations of civil rights and for damages flowing from such violations.

**JURISDICTION AND VENUE:**

**3. Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

**4. Venue:** Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the improved real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

**PARTIES:**

**5.** Plaintiff is a California resident with physical disabilities who uses a wheelchair to travel about in public.

**6.** Defendants are (or were when Plaintiff was an invitee and customer at each of the subject public facilities) the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, and/or alter egos, franchisers and/or franchisees,

of the building and/or buildings which constitute a public facility or facilities in and of itself or themselves, occupied by the above described public facilities, public accommodations, and subject to the requirements of federal and state law requiring full and equal access to public accommodations and facilities.

**7.** Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants are ascertained.

**PRELIMINARY FACTUAL ALLEGATIONS:**

**8.** Defendants are (or were when Plaintiff was an invitee and customer at the subject public facilities) the owners and operators of public facilities, situated on certain real property, and located at: 2494 Lake Tahoe Blvd., South Lake Tahoe, California. The public facilities, their paths of travel, parking, restrooms and other facilities are each a "public accommodation or facility" subject to the requirements of state and federal law. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the public accommodations, and each of their facilities to handicapped access requirements per the Americans with Disabilities Act Access Guidelines (ADAAG) and Title 24 of California's Code of Regulations.

**9.** On at least one occasion within the statutory period preceding the filing of this Complaint, Plaintiff was an invitee and customer at the subject public facilities.

**10.** When Plaintiff visited the subject public facility located at 2494 Lake Tahoe Blvd., South Lake Tahoe, California, he encountered the following architectural barriers that acted to deny him full and equal access to the subject public

accommodation there located: there was a lack of an accessible entrance into the facility; there was a lack of van accessible disabled parking; there was a lack of other accessible disabled parking; and there was a lack of accessible public bathrooms.

11. On information and belief, other public facilities were improperly inaccessible for use by persons with physical disabilities.

12. On information and belief, the facility continues to the date of filing this complaint to deny equal access to Plaintiff and other persons with physical disabilities.

13. As a result of the inaccessible facilities, Plaintiff was humiliated, embarrassed and frustrated, suffering emotional distress.

14. Defendants knew their facilities were inaccessible and continued to maintain these facilities in an inaccessible condition and in doing so, knowingly continued to violate and interfere with the rights of disabled persons including Plaintiff.  Such conduct by Defendants is despicable, and was carried on by Defendants with a willful and conscious disregard for the rights of disabled persons, including Plaintiff.

15. Plaintiff would like to return and use the Defendants' public accommodations but because of Defendants' violations, Plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as pled herein.  Plaintiff has, therefore, been deterred from returning and using the Defendants' public accommodations.

I. **FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants (42 U.S.C. section 12101, et seq.)

16. As persons who own and operate a place of public accommodation, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the ADAAG; and (2) remove all existing barriers where such removal is "readily achievable."  As alleged above, there are architectural barriers

1 existing on the Defendants' facilities, which barriers are in violation of the Americans
2 with Disabilities Act Accessibility Guidelines, are readily achievably removed, and are
3 unlawful. The Defendants have failed to comply with the ADA and, therefore,
4 discriminated against the Plaintiff.

**17.** Further, if it were not "readily achievable" for Defendants to remove each of such barriers, Defendants have failed to make the required services available through alternative methods that were readily achievable.

**18.** Plaintiff would like to return and use the Defendants' facilities but Plaintiff cannot return to or make use of the public facilities complained of herein so long as the premises and Defendants' policies bar full and equal use by persons with physical disabilities.

**19.** Wherefore, Plaintiff prays for relief as hereinafter stated.

**II.  SECOND CAUSE OF ACTION:** VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51 et seq.)

**20.** Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**Count One:**

**21.** The Defendants have not ensured that their facilities comply with Title 24 of the California Code of Regulations, the California Building Code as it applies to physical access for persons with disabilities and failed to ensure that disabled persons have "full and equal accommodations, advantages, facilities, privileges, or services" to the facilities identified above.

**Count Two:**

**22.** The Defendants have not complied with the Americans with Disabilities Act of 1990.

**III.  THIRD CAUSE OF ACTION:** NEGLIGENCE PER SE
(On behalf of Plaintiff and Against All Defendants)

**23.** Plaintiff repleads and incorporates by reference, as if fully set forth again

herein, the allegations contained in all prior paragraphs of this complaint.

**24.** At all times relevant hereto, there was in effect the Americans with Disabilities Act; the Unruh Civil Rights Act; Title 24 of the California Code of Regulations, and California Health and Safety Code, sections 19955 et seq.; all of which require that public accommodations and facilities provide services to people with physical disabilities which are equal to, and are not inferior to, the services provided patrons who are not physically disabled.

**25.** Plaintiff is a member of class that these statutes are designed to protect.

**26.** Defendants' acts and omissions alleged herein are a violation of statutory requirements and, therefore, constitute negligence per se.

**27.** As a result of the actions taken by Defendants, the Plaintiff has suffered the harm that these statutes are designed to prevent.

**28.** Wherefore, Plaintiff prays for relief and damages and relief as hereinafter stated.

**IV. FOURTH CAUSE OF ACTION:** DECLARATORY RELIEF

**29.** Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**30.** A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

**31.** Plaintiff contends that the facilities identified above fail to comply with applicable laws prohibiting discrimination against persons with disabilities and is in violation of statutes including, but not limited to, the Americans with Disabilities Act of 1990 and the Unruh Civil Rights Act.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as

follows:

**1.** For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act of 1990.

**2.** A declaration that the facilities are designed and operated in a manner that discriminates against persons with physical disabilities and that fails to provide full and equal access for persons with disabilities as required by law;

**3.** General, Special and Punitive Damages, if appropriate, in an amount to be determined by proof;

**4.** Reasonable attorneys' fees, litigation expenses and costs of suit;

**5.** For such other and further relief as the court may deem proper.

Dated:  September 20, 2005          CENTER FOR DISABILITY ACCESS, LLP


By:   /s/mark potter
      MARK D. POTTER
      Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: September 20, 2005          CENTER FOR DISABILITY ACCESS, LLP


By:   /s/mark potter
      MARK D. POTTER
      Attorney for Plaintiff