IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GILBERT SALINAS,<br><br>        Plaintiff,<br>    v.<br><br>GABRIELA AGUIRRE; JOSE JESUS RODRIGUEZ; TAHOE PINE CONE PLAZA, a California limited partnership; and DOES 1 through 10, inclusive,<br><br>        Defendants. | 2:05-cv-951-GEB-GGH<br><br><br><br>ORDER |

The status (pretrial scheduling) conference scheduled in this case for February 21, 2006, is vacated since the joint status report ("JSR") submitted by the parties indicates that the following Order should issue.

### DOE DEFENDANTS

In the JSR, Plaintiff indicates that the identities of any 'Doe' defendants are expected to be discovered within 30 days of the scheduling conference. (JSR 2.) Pursuant to this request, Plaintiff has until March 23, 2006, to file a motion in which leave is sought under Fed. R. Civ. P. 15(a) to file an Amended Complaint which could add a party to this action. The motion must be noticed for hearing on

1  the Court's earliest available law and motion date.  If leave is not
2  sought as stated, this will automatically effectuate dismissal of
3  Does 1 through 10 from this action.

ADDED DEFENDANT'S OPPORTUNITY
TO SEEK AMENDMENT OF THIS ORDER

6       If Plaintiff substitutes a named defendant in place of a Doe
7  defendant, a copy of this Order shall be served on that defendant
8  concurrently with the service of process.
9       That defendant has 30 days after said service within which
10 to file a "Notice of Proposed Modification of Status Order," which
11 request is not required to meet the good cause standard, provided it
12 is made within this 30-day period.

13       SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT
14       In the JSR, Defendant Aguirre states she "[h]as cross-
15 complained for indemnity against her Landlord, Pine Cone Plaza[,]" and
16 that "[c]ompleted [s]ervice is anticipated within 30 days."  (JSR 2.)
17 Since it is presumed that Defendant Aguirre meant 30 days from the
18 date on which her counsel signed the JSR, Defendant Aguirre has until
19 March 9, 2006, to complete service on Pine Cone Plaza.  Pine Cove
20 Plaza shall be served concurrently with a copy of this Order.   Pine
21 Cove Plaza has thirty days after said service within which to file a
22 "Notice of Proposed Modification of Status Order."  A hearing on the
23 Notice will be scheduled, if necessary.  Although Pine Cove Plaza's
24 proposed modification filed within this thirty day period will not
25 have to meet the good cause standard, no further amendments will be
26 permitted except with leave of Court, good cause having been shown.
27       With the exceptions of Pine Cone Plaza and any named
28 defendant Plaintiff may substitute in place of a Doe defendant, no

further service, joinder of parties, or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

## DISCOVERY

All discovery shall be completed by December 5, 2006. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before July 6, 2006, and with the rebuttal expert disclosures authorized under the Rule on or before August 7, 2006.

## MOTION HEARING SCHEDULE

The last hearing date for motions shall be February 5, 2007, at 9:00 a.m.[2]

Motions shall be filed in accordance with Local Rule 78-230(b). Opposition papers shall be filed in accordance with Local Rule 78-230(c). <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion</u>

---

[1] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. <u>See</u> Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[2] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1  summarily.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
2  Further, failure to timely oppose a summary judgment motion may result
3  in the granting of that motion if the movant shifts the burden to the
4  nonmovant to demonstrate a genuine issue of material fact remains for
5  trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

6     Absent highly unusual circumstances, reconsideration of a
7  motion is appropriate only where:

8     (1)  The Court is presented with newly discovered evidence
9  that could not reasonably have been discovered prior to the filing of
10 the party's motion or opposition papers;

11    (2)  The Court committed clear error or the initial decision
12 was manifestly unjust; or

13    (3)  There is an intervening change in controlling law.
14 A motion for reconsideration based on newly discovered evidence shall
15 set forth, in detail, the reason why said evidence could not
16 reasonably have been discovered prior to the filing of the party's
17 motion or opposition papers.  Motions for reconsideration shall comply
18 with Local Rule 78-230(k) in all other respects.

19    The parties are cautioned that an untimely motion
20 characterized as a motion in limine may be summarily denied.  A motion
21 in limine addresses the admissibility of evidence.

FINAL PRETRIAL CONFERENCE

23    The final pretrial conference is set for April 9, 2007, at
24 2:30 p.m.  The parties are cautioned that the lead attorney who WILL
25 TRY THE CASE for each party shall attend the final pretrial
26 conference.  In addition, all persons representing themselves and
27 appearing <u>in propria persona</u> must attend the pretrial conference.
28

1  The parties are warned that <u>non-trialworthy issues could be
2  eliminated *sua sponte*</u> "[i]f the pretrial conference discloses that no
3  material facts are in dispute and that the undisputed facts entitle
4  one of the parties to judgment as a matter of law." <u>Portsmouth Square
5  v. Shareholders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).

6  The parties shall file a <u>JOINT</u> pretrial statement with the
7  Court not later than seven (7) days prior to the final pretrial
8  conference.[3]  The joint pretrial statement shall specify the issues
9  for trial.  The Court uses the parties' joint pretrial statement to
10 prepare its final pretrial order and could issue the final pretrial
11 order without holding the scheduled final pretrial conference.  <u>See
12 Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
13 requirement that the court hold a pretrial conference.").  The final
14 pretrial order supersedes the pleadings and controls the facts and
15 issues which may be presented at trial.  Issues asserted in pleadings
16 which are not preserved for trial in the final pretrial order cannot
17 be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>,
18 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
19 pretrial order are eliminated from the action."); <u>Valley Ranch Dev.
20 Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
21 issue omitted from the pretrial order is waived, even if it appeared
22 in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283
23 (D.D.C. 1995) (refusing to modify the pretrial order to allow

---

[3] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

5

assertion of a previously-pled statute of limitations defense); Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

TRIAL SETTING

Trial is set for July 10, 2007, commencing at 9:00 a.m.

MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause**.

IT IS SO ORDERED.

Dated: February 14, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge