UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT SALINAS,<br><br>  Plaintiff,<br><br>  v.<br><br>RAFAEL AGUIRRE; MELVIN LAUB; EDWARD G. BAKER as Trustee of the 1977 Baker Trust; ROSEMARIE BAKER, as Trustee of the 1977 Baker Trust; and DOES 1 through 10, inclusive,<br><br>  Defendants.[1] | 2:05-cv-0951-GEB-GGH<br><br>ORDER |

On September 8, 2006, a stipulated dismissal of this action with prejudice was filed ("September 8 Stipulation"), signed by Plaintiff's counsel on behalf of Plaintiff and by counsel for Gabriela Aguirre and Rafael Aguirre. However, Defendant Gabriela Aguirre and Cross-complainant Rafael Aguirre were dismissed from this action on

---

[1]   The September 8, 2006, Stipulation of Dismissal has the wrong caption since it does not reflect the caption of the Second Amended Complaint filed March 23, 2006.

1

March 23, 2006.² On the day Gabriela and Rafael Aguirre were dismissed, Plaintiff filed a Second Amended Complaint in which he named other parties, none of whom have appeared. Therefore, the September 8 Stipulation is between Plaintiff and dismissed individuals. The Stipulation states that "[t]he parties . . . stipulate to dismissal of this action in its entirety with prejudice pursuant to Fed. R. Civ. P. 41(a)(1). . . . The parties further consent to and request that the Court retain jurisdiction over enforcement of the [Settlement] Agreement." (September8 Stipulation at 1.)

The Stipulation signed by Plaintiff is sufficient to dismiss this action, since the Defendants named in the Second Amended Complaint have not appeared in this action. See Fed. R. Civ. P. 41(a)(1)(i) (stating "an action may be dismissed by the plaintiff without order of court . . . by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment").

The September 8 "Stipulation" is a misnomer since Plaintiff is the only appropriate party. Further, the September 8 Stipulation erroneously assumes continuing jurisdiction will be exercised over a settlement agreement which the Court has not seen.

Since Plaintiff requests dismissal of this action with prejudice, the action is dismissed with prejudice. Cf. Jessup v. Luther, 277 F.3d 926, 929 (7th Cir. 2002) (stating "once a suit is dismissed with prejudice the judge loses all power to enforce the

---

² Other Defendants were also dismissed on March 23, 2006; Defendant Gabriela Aguirre is the only Defendant who has ever appeared in this action.

2

1 | terms of the settlement that may lie behind that dismissal"); <u>Oswalt v. Scripto, Inc.</u>, 616 F.2d 191, 194 (5th Cir. 1980) (revealing that even when no formal dismissal is filed, the action can be dismissed when a party requests dismissal);.

IT IS SO ORDERED.

Dated: September 11, 2006

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge